## J. H. STERRETT V. CONRAD MIDDLEEGGE.

1. LIMITATION—COVERTURE.—Where plaintiff in trespass to try title showed in his chain of title that the title he held had been vested May 1, 1847, in a married woman, and so continued until within the period of limitation pleaded, it devolved upon the defendant to prove his entry before that date, (May 1, 1847.)
2. SAME.—See facts held insufficient to sustain the plea of limitation of ten years.

APPEAL from Galveston. Tried below before the Hon. A. P. McCormick.

*Ballinger & Jack*, for appellant.

No brief for appellee.

MOORE, ASSOCIATE JUSTICE.—This is the second action of trespass to try title brought by appellant, J. H. Sterrett, against the appellee, Conrad Middleegge, for lots sixty-one and sixty-two in section No. 2 on Galveston island. The only defense relied upon on the trial of the case in the District Court was under appellee's answer, alleging that he had "been in the peaceable, uninterrupted, adverse possession of the tracts and parcels of land set out and described in plaintiff's petition, claiming as of his own right, cultivating, using, and enjoying the same for more than ten years" from the 1st day of January, 1847.

It appears from the record that the plaintiff, Sterrett, deraigned his title through Mrs. Ann Eliza Grosbeck and her husband, A. Grosbeck, by deed of August 8, 1860, and that the first suit (within less than twelve months from the final termination of which this action was brought) was commenced on the 17th of November, 1860. Mrs. Grosbeck, as is shown by her deed and the testimony in the record, acquired the land as her separate estate on the 1st of May, 1847, subsequently to her marriage with her said husband. It was therefore, beyond all question, incumbent

upon appellee, to maintain his defense under this answer, to show that his adverse possession of the land commenced prior to the 1st day of May, 1847, the date of her (Mrs. Grosbeck's) deed. This, we think, he wholly failed to do. The only evidence before the court having any reference whatever to the question of possession, is that of the witness Jones, which we here copy in full, as we find it given in the statement of facts: "I am acquainted with the parties to this suit. I think Conrad Middleegge, the defendant, was residing at the same place where he now resides in the summer or fall of the year A. D. 1847 or 1848, as I was then at his house on Galveston island. I am not positive whether it was the summer or fall, but it was one or the other. Said Middleegge had at that time some twenty or thirty acres of land fenced; had shrubbery and young trees set out and growing around his house; had a very comfortable dwelling-house in which he was living, and outhouses, but do not think he had then built his barn. I was at his house again in A. D. 1854 and in 1860 and in 1861 and in 1866, and defendant was living at the same place. The trees around his house in 1847 or 1848 were, of course, not so large as they are now. I think defendant was living on the same land in 1847 or 1848 that he is now living on." Plaintiffs admitted that defendant was residing upon the lots in controversy in 1860 and 1861, and was still residing upon them.

This evidence is, we think, quite sufficient to raise the presumption of a continuous possession from its origin until the time of the trial. But its insufficiency to establish appellee's defense is equally obvious. It does not definitely fix the commencement of his possession prior to the fall of 1848. The witness says the time when he first knew of appellee's living upon the land may have been in the summer or fall of that year or the summer or fall of 1847. The plaintiff had shown a *prima facie* title, and that his right of action was not barred unless defendant was in adverse

possession of the lots when they were purchased by Mr. Grosbeck. Appellee's defense rested upon the affirmation of the fact that he was in the adverse possession of the lots prior to the conveyance of them to her. Unless limitation commenced to run before she purchased, his defense was utterly baseless. His defense depended solely upon his establishing this hypothesis. The burden of proving it was upon him. It was not therefore sufficient for him to show that he may or may not have been in possession at the date in question.

We readily concede that this fact, like any other, may be established by circumstantial evidence, or by proof of facts from which its existence may and should be inferred with reasonable certainty. But we cannot agree that this has been done in the present case. An inference as to the time that buildings and other improvements are made, of a more or less definite character, may no doubt be drawn from their general appearance and character. But the evidence in this case furnishes us with no basis for any inference upon the subject. The mere fact that appellee was living in a comfortable house, with shrubbery and trees planted out and growing around him, and had twenty or thirty acres of ground in cultivation in the summer or fall of the year 1847 or 1848, certainly cannot be said to raise the presumption that these improvements were commenced prior to the first of May, 1847. The improvements testified to by the witness might have been upon the lots even as early as the summer or fall of 1847, and still the land may have been unoccupied and wholly unimproved on the first of May of that year. Still more evidently would this be the case if it was not until the next year that the witness first saw the premises. But if it could be inferred that the improvement must have been made prior to the first of May, 1847, the proof does not warrant our saying that appellee was then in possession of the premises. The improvement may have been made by appellee, but if so this is a mere

matter of conjecture, and not a fact established by the evidence in the case. It is not sufficient for appellee to have shown that the facts upon which his claim to the land depends may or may not exist. If he has failed to show their existence, his failure raises the presumption against their existence in support of the title of the opposite party, if his title is otherwise sufficiently established. (2 Pothier's Ev., 329, No. 16, sec. 14 ; 1 C. & H.'s Notes, 469.)

Objections are also made by appellant to the instructions given by the court to the jury, and to the refusal to give others which were asked by him. Most, if not all of the questions which were raised by these objections have been recently decided in other cases, or will be passed upon in a short time in cases now under consideration, in which their determination is of more vital importance than in this case. We do not, therefore, deem it necessary to discuss them at present.

Because the verdict of the jury is contrary to and unsupported by the evidence, and for the refusal of the court to grant appellant a new trial, the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.